**GIFFORD–HILL & CO., Inc., v. HENDERSON et ux.**

No. 4596.

Court of Civil Appeals of Texas. Texarkana.

April 1, 1935.

Rehearing Denied April 4, 1935.

occurred on February 24 and 25, 1933, prior to the happening of the accident involved in this case. It is further alleged that said dirt was a black, waxy dirt, and that when it became wet it was very slick and rendered said highway dangerous to travel or drive upon. Plaintiffs further alleged that defendant's servants, agents, and employees in charge of said work on or adjacent to said road could, by the exercise of ordinary care, have known of the dangerous condition of said paved highway; and they further alleged that on the afternoon of February 25, 1933, the plaintiff, Irene Henderson, while driving an automobile in going to Dallas drove upon said stretch of road where the alleged dirt and mud was located, and lost control of her car, which slid off said road into a ditch at the side of the road. It is further alleged that said plaintiff, Irene Henderson, was injured when the automobile went off the road and turned over by being thrown against the steering wheel or other parts of the car, bruising, lacerating, and injuring her hand, and further alleging that she sustained injuries to her hand, left arm, back, spine, lungs, and other internal organs, and that her nervous system had been destroyed, and that as a result thereof she had lost weight, and suffered great physical and mental pain for which she sought damages in the sum of $20,000.

The defendant answered by general demurrer, general denial, and plea of contributory negligence.

The jury in answer to special issues submitted to them established the following facts: (1) That there was a quantity of loose dirt on the highway where the automobile of plaintiff went off the highway into the ditch; that such dirt was placed on the highway by the employees of the defendant in the scope of their employment; and that the placing of said dirt on the highway was negligence which was the proximate cause of plaintiff's injuries. (2) That defendant did not have a flagman stationed at the point where repairs were being made on the highway to warn motorist of the condition of the road; that such failure was negligence which was the proximate cause of plaintiff's injuries. (3) That there was no signboard placed by defendant at or near the place where the car went off the road to warn travelers of the condition of the road; that such failure to have a warning board was negligence which proximately caused plaintiff's injuries. (4) That the roadway at the place of the accident was muddy and slippery and that the defendant knew, or in the exercise of ordinary care could have

Keeney & Moseley, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellees.

SELLERS, Justice.

A. S. Henderson and his wife, Irene Henderson, brought this suit in the district court of Bowie county to recover of Gifford-Hill & Co., Inc., damages for personal injuries to Mrs. Henderson, alleged to have been the result of negligence on the part of Gifford-Hill & Co.

Plaintiffs allege that the defendant was engaged in the road construction business, and that in execution of a contract with the state highway department said defendant was on or about February 25, 1933, engaged in the construction and repair of a portion of state highway No. 1, being the main highway between the city of Dallas and the city of Texarkana, Tex.; the portion under repair being located in Dallas county. That the defendant in doing such work, by its agents, servants, and employees, negligently allowed and permitted large quantities of dirt to be dropped upon and along and over a space of 300 yards of the asphalt or concrete of said road, and further alleged that said dirt on said road became wet and muddy from rain which

known, of such condition of the road, and that such failure to know or to learn of the condition of the road constituted negligence which was the proximate cause of plaintiff's injuries. (5) That plaintiff, Irene Henderson, was not guilty of contributory negligence. (6) That plaintiff did not fail, immediately preceding the happening of the accident involved in this case, to exercise such care in the driving of her car as a reasonably prudent person would have exercised under the same or similar circumstances. (7) That plaintiff did not fail to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances to have discovered the condition of the road on which she was traveling at the time and immediately preceding the happening of the accident involved in this case. (8) That $10,000 would be a fair and adequate compensation for the injuries received by the plaintiff, Mrs. Irene Henderson.

In accordance with the jury's verdict, the court entered judgment for the plaintiff for the sum of $10,000, to which judgment defendant excepted and had duly prosecuted an appeal to this court.

Appellant in its first assignment of error insists that the court erred in refusing to grant appellant's motion for a mistrial because of the testimony of the witness, Mrs. Lee, given while she was testifying for appellee as follows:

"Q. After she received these injuries, Mrs. Lee, I will ask you, have you ever called Gifford-Hill? A. Yes, I did.

"Q. Did you ask them anything about having that job out there? A. Yes, I asked if they were doing the work, I called Gifford-Hill & Company's number and asked them. * * *

"Q. You called Gifford-Hill & Company's number? A. Yes, from the telephone book.

"Q. When they answered did they state it was Gifford-Hill? A. Yes.

"Q. What did they say? A. They said they were doing the work.

"Q. Did you ever see any representative of Gifford-Hill after that time? A. The insurance company sent a man out there.

"Q. After you talked with them, did they say they would send some one out to see you? A. No, they only referred me to * * *

"Q. Did you call another number? A. No, they told me the insurance company."

The record discloses that the trial court on request of appellant's counsel instructed the jury not to consider the answer of the witness with reference to insurance for any purpose. No action was made at this time by appellant to the court to declare a mistrial; and thereafter, while appellee's witness Walsh was testifying on cross-examination, the following proceedings were had:

"Q. If I am not mistaken, you said it was 200 yards from here to here? A. I don't know what this distance is, but I did step this off—we stepped that off.

"Q. You stepped it off—who were you with when you stepped it off? A. The insurance agent.

"Q. From here to there is 120 yards? A. Yes."

No request was made by appellant's attorney to have this answer of witness excluded. At the close of all the testimony offered by appellant and appellee the appellant made a written motion to have the court declare a mistrial because of the evidence given by Mrs. Lee, but no mention was made in such motion of the testimony given by the witness Walsh. In view of the whole record, we think there was no error by the trial court in overruling appellant's motion to declare a mistrial. Whatever might have been appellant's rights with respect to the evidence of Mrs. Lee standing alone, it certainly was not error for the court to refuse to declare a mistrial at the time the request was made therefor when there was other evidence before the jury given by the witness Walsh equally as damaging as that given by Mrs. Lee, and to the admission of which no complaint whatever was made by appellant.

We have carefully considered appellant's assignment to the effect that there was no evidence offered on the trial of the case to show that the appellant was responsible for the dirt on the highway at the point where the accident happened, and have concluded that the evidence on this issue is amply sufficient to support the jury's finding.

Appellant by its assignments 4, 5, and 6 complains of the admission by the court of the evidence of the witnesses Lee and Walsh to the effect that on the same afternoon that the accident here involved happened they saw other cars at and near the same point where appellee's car went into the ditch, and where the dirt was on the highway, slip and slide, and that four cars went off the highway into the ditch and mud on the side of the road. The objection made was that the evidence was immaterial, irrelevant, and prejudicial to appellant. It is believed that such evidence was admissible to show the condition of the highway at the point where appellee's accident

and injuries were received. The evidence is of similar accidents as that had by the appellee, and there is no objection that the condition of the highway was not the same at the time the other cars went into the ditch as it was at the time when Mrs. Henderson, appellee, had her accident. 22 C. J. p. 753; Dow v. Town of Weare, 68 N. H. 345, 44 A. 489; Cook v. New Durham, 64 N. H. 419, 13 A. 650.

█ Appellant by its seventh assignment of error asserts: "Because the court erred in permitting A. S. Henderson, while a witness for the plaintiff, Irene Henderson, to testify that since the accident involved in this case the plaintiff, Irene Henderson, did not like for him (the witness) to leave at night unless he could arrange for some one to be with her, or she wants all the lights on; that she is extremely nervous when I am away, and that before the accident the plaintiff, Irene Henderson, was never afraid to stay alone at night. All of this testimony was objected to before it was admitted, because it was hearsay, self-serving and the opinion and conclusion of the witness and prejudicial to the defendant. All of these objections were overruled and said testimony was permitted to go before the jury; to which action of the court the defendant then and there excepted, as is shown by Defendant's Bill of Exception No. Five, and as shown by Statement of Facts, page 48."

In our opinion no reversible error is presented by this assignment since appellant's witness, Dr. Smith, who had examined Mrs. Henderson for appellant, testified that his examination of Mrs. Henderson disclosed that she was extremely nervous, and it would seem that the evidence complained of could have had no other effect than to show her nervous condition.

█ Appellant insists that the trial court erred in failing to submit to the jury the issue of unavoidable accident. No such issue was submitted by the court to the jury, and we are confronted, first, with the proposition of whether under the record as presented to this court appellant is entitled to complain of the failure of the court to submit such issue even though the evidence might raise such an issue. There was no objection made to the court's charge because of the failure to include such issue. Appellant did request a special charge embodying this issue under circumstances explained by the trial court in a qualification to appellant's special issue as follows: "The above requested charge was presented to the court by attorneys for the defendant after the evidence was all in,

together with other requested charges, and before the court had prepared his main charge. The other special charges requested were included in the main charge, but through an inadvertence the above requested charge was omitted from the main charge, and said charge was not submitted to the jury. At the time the exceptions were taken to the main charge no mention was made of said specially requested charge, the court having remarked to counsel for defendant that the requested charges would be included as part of the main charge, but no reference was made to the charge hereinabove set out, and it was not noticed that such charge had been omitted from the main charge until after the jury's verdict had been returned into court, and the defendant did not except to its omission from the main charge. The above specially requested charge was located, and with the above qualification, it is ordered filed as part of the record in this cause."

It is insisted by appellant that no objection to the court's charge is necessary in order to have the error reviewed by the appellate court, where the court fails to submit an issue to the charge which is raised by the evidence when a requested charge embodying such issue is presented to the court. This general proposition, it seems, is true under the construction given article 2185, R. S. 1925, by the Commission of Appeals in the case of Rodgers v. Fleming, 3 S.W.(2d) 77, wherein it is held that a requested charge covering a matter not included in the court's main charge is a sufficient objection to the charge under the above article to require consideration by the trial court and review on appeal. But the above authority likewise holds that in order to merit consideration on appeal the objection to the charge must have been presented in the manner and at the time required by article 2186. This article requires the objection to the court's charge to be made by the parties after the court's charge has been prepared by the court and presented to the parties and before it is read to the jury. The court's qualification to the requested charge shows that this was not done, and for this reason it cannot be considered as an objection to the charge given.

Neither do we think the requested instruction is entitled to be considered on this appeal for the reason that appellant did not comply with article 2186, which provides: "Such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination."

This article was construed in the case of W. R. Case & Sons Cutlery Co. v. Folsom (Tex. Civ. App.) 170 S. W. 1066, and it was there held that a special charge was not entitled to be considered by the appellate court unless it affirmatively appeared that such charge was presented to the court and to opposing counsel within a reasonable time after the party requesting the charge had been given the court's main charge. In view of the foregoing rules, we think appellant is not entitled to have the error complained of considered by this court.

■ It is insisted that the trial court erred in failing to define the term "in the scope of their employment." We do not believe this phrase as used in this charge has any technical meaning which requires a definition in order to be understood by the jury. Had the court undertaken to define the term, a fair definition would have been, " 'in the scope of their employment,' as used in this charge, means while engaged in the service of their master or while about their master's business," Hill v. Staats (Tex. Civ. App.) 189 S. W. 85, and, in our opinion, the very language of the phrase would be understood by a person of ordinary intelligence to have such a meaning without the aid of the definition. Guitar v. Wheeler (Tex. Civ. App.) 36 S.W. (2d) 325; Maysville & B. S. R. Co. v. Willis (Ky.) 104 S. W. 1016.

Appellant complains of certain argument of appellee's counsel to the jury which we have considered and have determined that such argument in the light of the record as a whole does not constitute reversible error. There is contained in to-day's advance sheet an opinion of the Beaumont Court, Wells v. Henderson (Tex. Civ. App.) 78 S.W.(2d) 683, 689, opinion delivered by Mr. Justice Combs, wherein he said: "We are fully aware of the fact that our courts have gone a long way in recent years in reversing cases on the ground of improper argument of counsel. But we think there is still left some legitimate function for argument of counsel in discussing issues before a jury, and that the rules do not yet require that an attorney shall so present his client's case that it would be necessary for a bystander to inquire when he is through which side of the case he is on in order to ascertain such fact."

We wish to lend our approval to this expression, although the case now at hand, in our opinion, does not come within any of the rules calling for a reversal of this case.

■■ Complaint is made that the verdict of $10,000 is excessive. There is evidence that Mrs. Henderson was twenty-nine years of age at the time of the accident, that up to that time she had never been sick and had never had a doctor with her except when her children were born. That in the accident she had some ribs broken, was confined to her bed in Dallas for two weeks, and was then brought to her home at Texarkana, Tex., where she has been continuously confined since, except for a visit or two to a picture show. From the time the accident happened, February 25, 1933, until this trial she was unable to do any of her housework. At the time of the trial in 1934 she had the appearance of a sick woman, was highly nervous, still suffering pain in her back and lungs, could not get up easily when sitting down, was still wearing bandages on her side, had been running a temperature practically every day since the accident happened, and was still under care of a doctor. Such evidence would seem to us sufficient to support the jury's finding of damages in the sum of $10,000. We at least would not feel justified in disturbing the amount of appellee's damage as fixed by the jury in view of the evidence as a whole. It is true that no doctor testified for appellee, and that the evidence of her injuries came largely from her. These facts can make no difference. The evidence given by the appellee alone with reference to her injury when believed by a jury is just as binding on this court as if given by a doctor. Phoenix Ref. Co. v. Tips (Tex. Civ. App.) 66 S.W.(2d) 396.

■■ Finally, it is insisted that there was misconduct of the jury. The misconduct of the jury complained of was given by three jurors; and, according to the first juror to testify, it appears that while the jury was deliberating in this case, and before they had agreed on the amount of their verdict, some juror mentioned that the appellant had insurance and would not have to pay the judgment, and that he thereafter agreed on $10,000 as damages for appellee, whereas, before the mention of this fact he was for $5,000; that he could not say that the mention of the insurance did not have some effect on him in arriving at the amount of appellee's damage. He also testified that some one mentioned that appellee's attorney would get half the amount she recovered. Two other jurors testified that they had heard something mentioned in the jury room about insurance and attorney's fees, but could not say who mentioned it, nor would they say it had any effect on them. The remaining jurors testified that they never heard any mention of attorney's fees or insurance at any time while the jury were deliberating. After hearing all the evi-

dence on the motion for new trial, the trial court overruled appellant's motion, the legal effect of which was to find that no misconduct took place in the jury room, and we are bound by that finding. Bradshaw v. Abrams (Tex. Com. App.) 24 S.W.(2d) 372; Wells v. Henderson, 78 S.W.(2d) 683, 689. The assignment is overruled.

Finding no error in the record, the judgment of the trial court will be affirmed.