### SMIRL v. GLOBE LABORATORIES, Inc.

#### No. 13600.

Court of Civil Appeals of Texas. Dallas.
Oct. 26, 1945.

Rehearing Denied Nov. 23, 1945.

See, also, Tex.Sup. 188 S.W.2d 676.

Eugene DeBogory, Eades & Eades, and Chaney & Davenport, all of Dallas, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, and Thompson, Knight, Harris, Wright & Weisberg and Pinkney Grissom, all of Dallas, for appellee.

BOND, Chief Justice.

Plaintiff L. B. Smirl sued Globe Laboratories, Inc., and Sears-Roebuck Company for damages resulting from use of cholera serum and virus compounded by Globe Laboratories and sold to him by Sears-Roebuck Company for the purpose of immunizing his hogs against cholera. Appellant acquits Sears-Roebuck Company of all liability, and proceeds against Globe Laboratories, Inc., basing his cause of action on alleged improper oral instructions by some party connected with the Laboratories to a Mr. Brown of Sears-Roebuck Company and relayed to plaintiff, for administering the drugs to pregnant sows and sows with suckling pigs. The gravamen of the complaint is that the party giving the instructions directed him to give both serum and virus; whereas the giving of virus alone should have been directed to inoculate his hogs against cholera,—the serum to follow in effecting immunization; and by following the instructions thus given, plaintiff suffered the death of his sows and pigs.

The cause was submitted to a jury on special issues, to which no exception or objection was made, and in response thereto the jury found: (1) That the Globe Laboratories, Inc., its agent or employe, advised L. B. Smirl, or one Brown at Sears-Roebuck, to use both the serum and virus

for pregnant sows and sows with suckling pigs; (2) that the use of both serum and virus was not the proximate cause of the death of the sows, shoats and pigs involved in the suit; and (3) that $713 was the reasonable cash market value of the hogs that died on the Smirl farm at the time of their death. On the findings the trial court rendered judgment that plaintiff recover nothing by virtue of his suit.

 The appellant in his brief raises only two points of error, each challenging the improper submission of the issues to the jury, based upon the idea that, in some manner not disclosed by the points, the questions submitted were improper and calculated to and did confuse the jury in its verdict; thus fundamentally erroneous. It will be observed that the submitted questions were in almost the exact language of plaintiff's alleged instructions received by him from the Globe Laboratories agent or representative and supported by the evidence; and if, forsooth, there was error in the form or substance of the questions, it was incumbent on the aggrieved party to raise the question of error by exceptions before the charge was read to the jury; otherwise all the exceptions or objections not so made and presented were waived. Rule 272, Texas Rules of Civil Procedure. Besides, we find no vice in the submitted questions and, no further points of error having been raised in appellant's brief, we are not permitted to theorize on what should have been submitted or what different result in the jury's findings would have happened had other issues requested by appellant, refused by the court, been submitted. However, the liberality of the rules in regard to briefing justifies our consideration of the action of the court in refusing to give plaintiff's requested issues presented en masse, to-wit: (1) "Do you find from a preponderance of the evidence that Globe Laboratories, Inc., failed to use ordinary care in the means and method in which the serum was prepared and handled by it? Answer 'Yes' or 'No'." (2) "If you have answered the foregoing issue 'Yes', then you will answer the following issue, otherwise you need not answer the same. Special Issue No. 2: Do you find from a preponderance of the evidence that the serum used by the plaintiff was ineffective? Answer 'Yes' or 'No'." (3) "If you have answered either of the two foregoing issues 'Yes', then and only in that

event you will answer the following issue. Special Issue No. 3: Do you find from a preponderance of the evidence that the failure to use ordinary care on the part of Globe Laboratories, Inc., if such you have found, was the direct and proximate cause of the death of the sow, shoats and pigs herein? Answer 'Yes' or 'No'." It will be observed from the foregoing special issues that the succeeding questions, Nos. 2 and 3, were requested to be answered only on affirmative answer to the preceding question No. 1. On issue No. 1, we find no evidence in the record and none suggested in appellant's brief that the Globe Laboratories were negligent "in the means and method in which the serum was prepared and handled by it." On the contrary, the evidence is that the preparation of Globe Laboratories serum in question was outlined by the Bureau of Animal Industry of the United States Government; that the method of compounding the serum was used in detail by the staff of the Globe Laboratories; that the serum was perfectly safe to give to sows that have suckling pigs, shoats and large hogs; and that as long as the serum remained on the laboratory premises it was kept at a temperature safe to preserve it for administration to hogs. The label affixed to the bottle, which appellant testified he read, recites that the contents was "For Use in the Prevention and Treatment of Hog Cholera * * * Produced under U. S. Veterinary License No. 158 by Globe Laboratories, Fort Worth, Texas, U. S. A. This bottle contains serum produced in accordance with rules and regulations of the Bureau of Animal Industry of the United States Department of Agriculture and has passed our rigid pig tests for potency and purity under the supervision of that Department. Therefore, although due care was taken in the production and testing of this article, we disclaim all responsibility following or resulting from its use and no agent of this Company has any authority whatsoever to alter or nullify, expressly or by implication, at any time, the disclaimer herein contained. If not accepted and used under these terms, the sale hereof must be considered as rescinded." Therefore, on the undisputed evidence that the serum had been perfectly compounded and safely kept, the trial court would not have been authorized to submit plaintiff's charge No. 1: hence the court could not have submitted the an-

cillary issues, Nos. 2 and 3. The questions requested should have been separately stated so that any one or more, if controlling to any issue in suit (which we think is not present), could have been given or refused by the court independently of the other. Miller v. Fenner, Beane & Ungerleider et al., Tex.Civ.App., 89 S.W.2d 506.

We have carefully examined the record, irrespective of the failure of appellant to properly assign points of error on failure of the trial court to submit plaintiff's requested issues, and, finding no error in the record, the judgment of the court below is affirmed.

Affirmed.