**KLINKE v. HARBISON et al.**

No. 6204.

Court of Civil Appeals of Texas. Amarillo.

March 10, 1952.

Rehearing Denied April 7, 1952.

546

Cooper & Finney, Amarillo, for appellant.

Adkins, Folley, Adkins, McConnell & Hankins and Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

MARTIN, Justice.

A rehearing is granted appellant, Fred C. Klinke, under the rule laid down in Korn v. Korn, Tex.Com.App., 15 S.W.2d 1017, as appellant's motion for a new trial authorizes a review of the action of the trial court in withdrawing the cause from the jury and granting judgment to appellees as recited in the judgment of said court.

Appellant and appellee, Vinson Pettit, have duly filed their motions for a rehearing in this cause. An understanding of the issue before the court requires a recitation of the original facts and issues and this opinion will embody the same and constitute an opinion in the cause and also an opinion on the motions for rehearing.

Appellees, Heber A. Harbison, Merle T. Waggoner and Vinson Pettit, stored wheat with appellant, Fred C. Klinke, in his private grain elevator. When the grain was placed in storage it was weighed in on appellant, Fred C. Klinke's scales. By agreement of the parties all grain as stored with appellant was sold at $2 per bushel to H. J. Hughes. The grain was weighed out on Hughes' scales and the consideration due the grain owner was also figured on Hughes' scale weights.

As the final loads of wheat were being hauled to Hughes' elevator, Elmer Crammer and Jack Stansbury, farmers who also had grain in the storage, called to appellant's attention that the wheat was weighing light according to Hughes' scales. The last three truck loads of wheat were weighed on appellant Klinke's scales and then were weighed on Hughes' scales. A comparison of such scale weights showed Hughes' weights were light as compared to Klinke's scale weights. The weights on all the grain involved show appellant Klinke's scale weights at a total of 19,-204 bushels and 20 pounds and Hughes' scale weights at a total of only 16,741 bushels and 40 pounds.

Appellant, Fred C. Klinke, sued H. J. Hughes seeking recovery of the value of the grain shown by the difference in the scale weights and joined appellees as defendants in said cause as they refused to accept payment for their grain on Hughes' weights. Appellees filed a cross-petition against Klinke seeking recovery of the grain shown by the excess scale weight of Klinke's scales over the scales of Hughes. Jack Stansbury and Elmer Crammer, parties to the storage agreement, accepted payment on Hughes' weights.

On trial of the cause, appellant requested certain issues as to whether he had delivered all of the grain to Hughes but such issues were refused by the trial court. The trial court submitted only one issue and that was as to whether the scale weights of Hughes revealed the correct weight of the wheat delivered to him. On a jury finding of correctness of Hughes' scale weights, the trial court rendered judgment that appellant take nothing as against H. J. Hughes

and withdrew the case from the jury and rendered judgment for Heber A. Harbison, Merle T. Waggoner and Vinson Pettit as against appellant, Fred C. Klinke, for the value of the grain due each appellee as shown by Klinke's excess scale weights over Hughes' scale weights, all as shown by the trial court's judgment.

Appellant predicates his appeal on seven points of error. Point one is that the trial court erred in refusing to give plaintiff's requested special issue No. 1 submitting to the jury the issue of whether or not Fred C. Klinke had delivered all of the wheat of Vinson Pettit to H. J. Hughes. Points 2, 3, 4, 5, 6 and 7, in various forms, assert the trial court erred in withdrawing from the jury all issues between appellant and appellees and in rendering judgment for the appellees.

■■■ In the trial court appellant requested special issue No. 1: "Do you find from a preponderance of the evidence that the plaintiff, Fred C. Klinke delivered to H. J. Hughes all of the wheat that Vinson Pettit deposited with him in 1949?" This issue was refused by the trial court to which action of the court appellant duly excepted and also asserted error of the trial court in refusing to submit such issue by his motion for a new trial and the alleged error is briefed on appeal. It is entitled to consideration on appeal under the following authorities. Ft. Worth and D. C. Ry. Co. v. Alcorn, Tex.Civ.App., 178 S.W. 833, syl. 8; Rabinowitz v. Smith Co., Tex.Civ. App., 190 S.W. 197, syl. 1; Rodgers v. Fleming, Tex.Com.App., 3 S.W.2d 77, syl. 4; Gifford-Hill & Co., Inc., v. Henderson, Tex.Civ.App., 81 S.W.2d 274, syl. 4. Further, since appellant's requested issue No. 1 does not conflict with and contradict the court's main charge, it is entitled to consideration under the rule laid down in Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920, syl. 3, and authorities there cited. Appellant's points asserting error of the trial court in withdrawing the cause from the jury and rendering judgment against appellant being properly urged in his motion for new trial and briefed in this cause are also entitled to consideration here under Korn

v. Korn, supra; Baker v. Baker, Tex.Civ. App., 104 S.W.2d 531, syl. 4.

Under the facts hereinafter set forth, the trial court erred in refusing to submit appellant's requested special issue No. 1. However, complaint is likewise made of the court's withdrawal of the case from the consideration of the jury on all the issues between appellant and appellees and a ruling on this phase of the case will effect a ruling on the entire cause.

■ An examination of the pleadings reveals that appellant in his first supplemental petition, filed in answer to the cross-action by appellees, plead that at no time was any portion of said wheat removed from said elevator prior to the date of March 1, 1950, and that all of said wheat that was so removed from the elevator of the plaintiff was transported to and delivered to the defendant, H. J. Hughes. In addition to this pleading the appellant further plead, "when all the said wheat was delivered to H. J. Hughes he contended that the total aggregate amount thereof was only the sum of 16,741 bushels and that if such weights and measures so asserted by the said defendant are true that is and was the total amount of bushels contained in the elevator of this plaintiff * * *." The pleadings are sufficient to raise the issue that the appellant delivered to H. J. Hughes all of the wheat that was delivered to appellant by the appellees, and further that the alleged shortage in the weight of the wheat was due to error in appellant's scales.

■■ Since the trial court withdrew the case from the jury and rendered judgment for appellees and also refused to submit appellant's one issue setting up an affirmative defense, the evidence must be examined under the applicable rules shown in White v. White, 141 Tex. 328, 172 S.W.2d 295, 296:

"In determining whether it was proper to instruct a verdict in this case, we must view the evidence in the light most favorable to the petitioners, the losing parties. Thomas v. Postal Telegraph Cable Co., Tex.Com.App., 65 S. W.2d 282. We must indulge against the instruction every inference that

may properly be drawn from the evidence. Texas Employers' Ins. Ass'n v. Boecker, Tex.Civ.App., 53 S.W.2d 327, error refused. And, if the record reflects any testimony of probative force in favor of the losing parties, we must hold the instruction improper. Clutter v. Wisconsin Texas Oil Co., Tex.Civ.App., 233 S.W. 322, error refused. A peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment. Stevens v. Karr, 119 Tex. 479, 33 S.W. 2d 725."

An agreed statement of the evidence was made by the parties and sketchily reveals the following facts: the appellees' grain was weighed in on Klinke's elevator scales and stored in his elevator. The elevator had a hasp lock thereon and only one key and this key remained in Klinke's possession. The wheat remained in the elevator and none was removed or in any way changed or altered until it was delivered on final sale. Appellant testified that all of the wheat delivered to him by appellees was delivered to H. J. Hughes at Lee Switch. Appellant's evidence and that of Mr. Bender, an employee of the defendant H. J. Hughes, reveals that, as the wheat was being hauled, the weights were found to be light according to Hughes' scale weights and that the last three loads of wheat were weighed on both Klinke's scales and Hughes' scales and the load weights on Hughes' scales were less than the same loads as weighed on Klinke's scales. Heber A. Harbison, defendant and cross-petitioner, testified, "Mr. Klinke told me that he had delivered all of the wheat to H. J. Hughes and so far as I knew, he did." Vinson Pettit's testimony shows: "I understood from him (Klinke) that he had sold the wheat to Mr. Hughes and that there was a discrepancy in the number of bushels of wheat as shown by his scales and those of Mr. Hughes." If the testimony of Harbison and Pettit is of no evidentiary value as to supporting Klinke's view of the cause, it is evident from their testimony that such appellees knew of no evidence

controverting Klinke's view of the shortage. The jury in response to the single special issue submitted to them found Hughes' scale weights were correct. The submission of this one issue apparently recognizes that in the trial of the case an issue as to the correctness of all the scale weights involved was presented by the evidence.

Appellant plead that his elevator was sealed by the Commodity Credit Corporation, an agency of the United States Government, upon appellees procuring loans on the wheat and although appellant and two of the appellees vigorously presented oral argument in the cause on such issue, the agreed statement of the evidence shown in the record is silent as to any facts on the issue so pleaded and as argued by the parties. It is not revealed whether the Commodity Credit Corporation made a loan on 19,204 bushels or on only 16,741 bushels of wheat at the time. Noteworthy, also, is the fact that although the same parties vigorously presented an oral argument on the issue of whether or not there had been a change in the condition of Klinke's scales since the weighing in of the appellees' grain, that the agreed statement of the evidence is likewise silent on this issue. Further, the agreed statement is not executed by the appellant's attorney but he is apparently relying on the same as a statement of facts. The issues above were not considered in arriving at a judgment in this cause on appeal but the discrepancy between the oral arguments made and the statement of facts is called to the attention of the parties.

All the appellees originally contended, and appellee, Vinson Pettit, now contends in his motion for rehearing that the trial court properly withdrew the cause from the jury and granted appellees' judgment in that Klinke admitted he received the wheat as claimed by the appellees and further that "the sole explanation offered by appellant was that he had delivered all of the wheat in his elevator to Mr. Hughes and that this constituted no explanation." As to appellees' contention that appellant Klinke admitted that he received the wheat of appellees in the amounts

contended for by them, the agreed statement of facts shows the following: "Vinson Pettit placed therein 4802 bu. and no lbs. Heber A. Harbison placed therein 3530 bu. no lbs. and Merle T. Waggoner placed therein 1899 bu. and no lbs., *all of said amounts being determined by the scales used by me.*" (Italics added). Of like import are appellant's pleadings. In the same statement of facts is evidence given by an agent of the defendant Hughes that when the wheat was being moved out of Klinke's elevator it was found to be weighing light on Hughes' scales. The evidence raised the issue that the scales of Klinke had been weighing heavy in comparison with those of Hughes and were incorrect. Gulf C. & S. F. Ry. Co. v. Justin Mill & Elevator Co., Tex.Civ.App., 168 S.W. 411, syl. 4; Panhandle Grain & Elevator Co. v. Dowlin, Tex.Civ.App., 247 S.W. 873, syl. 18. An examination of the statement of facts does not reveal an admission by appellant Klinke that he had been delivered the amount of wheat as contended for by the appellees. Klinke's testimony goes no further than showing that the respective weights of appellees' grain were determined by the scales used by him and evidence in the cause raises the issue that such scales were incorrect. Further, by both pleadings and evidence appellant supported his defensive theory that irrespective of any error in the scale weights he had delivered to H. J. Hughes all of the wheat as stored with him by the appellees.

An examination of the evidence under the applicable rules as to a directed verdict or a cause withdrawn from the jury, reveals that appellant supported his cause of action by sufficient evidence to require a submission of the same to the jury in the cause and it was error to withdraw the case from the jury and render judgment for appellees.

The motion for rehearing of Vinson Pettit is overruled and the motion for rehearing filed by appellant, Fred C. Klinke, is granted, and the original judgment on appeal in this cause affirming the judgment of the trial court as to Heber A. Harbison and Merle T. Waggoner is withdrawn, and the judgment of the trial court is reversed and the cause is remanded for a new trial.