**STATE, Plaintiff-Appellee, v. RAY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Columbiana County.

No. 763.   Decided January 2, 1958.

G. William Brokaw, J. Warren Bettis, Lisbon, for plaintiff-appellee.
Walter J. Hunston, Ralph Atkinson, Salem, for defendant-appellant.

## OPINION

Per CURIAM.

Defendant appealed to this court on questions of law from a judgment of conviction entered by the court of common pleas upon a jury verdict of guilty of "unlawfully and unintentionally killing one Ada McFee while violating a law of this state applying to the use or regulation of traffic, to-wit: §4511.43 R. C. (the stop sign statute) contrary to §4511.18 R. C. (the second degree manslaughter statute). Defendant was sentenced to pay a fine of $350.00 and costs.

The facts in this case are simple. About five o'clock P. M. on the slushy day of December 28, 1956, defendant was driving an empty five ton coal truck slightly upgrade in a westerly direction on State Route 172, with which route he testified he was unfamiliar, toward the intersection of that highway with stop sign protected County Route 402 in New Alexander, Columbiana County, Ohio. Defendant testified that he observed the stop sign protecting County Road 402 when he was sixty to seventy feet away from it; that he applied his brakes and his truck skidded on ice out of his control notwithstanding the use of every facility at his command to control and stop his truck, and skidded into a Willys station wagon being operated in a southerly direction on County Road 402. Ada McFee was riding in the Willys station wagon and died shortly after the collision as the result of injuries sustained therein.

The slippery condition of the highway is contradicted by the state's witnesses who testified that the condition of the highways at the point of collision was no different than the rest of both of the highways near the place and at the time of the collision. The state's witnesses testified that defendant simply failed to stop his truck in obedience to the stop sign situated on State Route 172 protecting County Road 402, on which road the station wagon in which Ada McFee was riding was proceeding.

The state highway patrolman who investigated the collision travelled over the same highway as defendant at a higher rate of speed and arrived at the scene of collision twenty minutes later and encountered no icy spots nor slippery conditions on such highway. This patrolman testified that when he questioned defendant at the scene of the collision defendant stated he had not travelled State Route 172 before and

didn't see the stop sign in time to stop before he entered the intersection of that highway with County Road 402.

Defendant assigned six grounds of error set forth in three pages of his original brief which in a word are:—

"1. The court of common pleas erred in construing §§4511.18 and 4511.43 R. C.

"2. The court erred in overruling defendant's objection to the introduction of any evidence, and in overruling defendant's motions to strike all evidence in support of plaintiff's case and in arrest of judgment based on the ground that the indictment failed to state facts constituting an offense under the laws of the State of Ohio.

"3. The court erred in overruling defendant's motion for a directed verdict of acquittal made at the close of the state's opening statement, at the close of the state's evidence, and at the close of all the evidence.

"4. The court erred in overruling defendant's motion for a new trial.

"5. The court erred in entering judgment of conviction and sentencing defendant.

"6. The court erred in other respects manifest from the face of the record."

Under other errors "manifest from the face of the record" counsel for defendant state by brief:—

"We rely on assignments of error III, IV, V and VI, but, for the reasons just stated, we leave them to argue themselves."

By reply brief counsel for defendant questions the correctness of the court's charge:—

"It is true the trial court charged (B. 251) that 'the state must prove that such killing of Ada McFee was unlawful * * *.'

"But the only explanation of the meaning of the word 'unlawful' the trial court gave the jury was this: 'The term "unlawful" means illegal, contrary to law, wrongful, without any legal justification.' (B. 251.) And the trial court flatly refused to charge that accident or anything else could be a 'legal justification' or a legal excuse for physically passing through a stop sign (B. 255-8).

"In short, the trial court did charge that, on the admitted facts, the jury was required to convict.

"It is this of which we primarily complain * * *."

The trial judge charged the jury, correctly we believe, that:—

"Right of way is the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from another direction into its path, and the fact that there may be ice or snow on the highway does not excuse a vehicle or its driver from its duty to yield the right of way to another vehicle entitled to such right of way, nor does it excuse a vehicle from observing or honoring a stop sign."

We find no error prejudicial to the defendant in any of the grounds of error urged by defendant for reasons, in most instances, apparent from the statement of facts set forth in the factual statement of this opinion, which facts are supported by the bill of exceptions, and especially the claimed errors assigned as sub-divisions of error number

I in (b) rejecting each of the special charges asked by defendant; (c) in refusing to charge the substance of said special charges; (d) in "affirmatively charging that, if 'the defendant failed (however accidentally or involuntarily) to stop his truck in obedience to such stop sign before entering the intersection, or * * * (however accidentally or involuntarily) failed to yield the right of way to the car in which Ada McFee was riding at such intersection,' then, on the other admitted facts (including the fact that Ada McFee died in consequence), the defendant was guilty of a felony as charged"; and (e) in refusing to charge at all on the defense of accident.

The statutes under which the indictment was returned against defendant are clear and unambiguous— whoever "unlawfully and unintentionally kills another while violating a law of this state."

In connection with counsel for defendant's request to charge on the defense of accident the court said:—

"It is the court's opinion that §4511.43 R. C., is a positive and specific rule of conduct passed by the Legislature of the State of Ohio to govern the conduct of motorists in using the highways and that nowhere in that section is it provided that the defendant must purposely or intentionally or knowingly violate the statute before he is guilty. I have previously cited counsel, in passing upon his motions for directed verdict, the authorities for that."

The trial judge aptly summarized the situation in the above quoted words.

The evidence presented questions for the consideration of the jury and the jury found against defendant, and we cannot disturb the verdict of the jury.

Sec. 2945.83 R. C., provides:—

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"(A) An inaccuracy or imperfection in the indictment, information, or warrant, provided that the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him.

"(B) A variance between the allegations and the proof thereof unless the accused is misled or prejudiced thereby;

"(C) The admission or rejection of any evidence offered against or for the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby;

"(D) A misdirection of the jury unless the accused was or may have been prejudiced thereby;

"(E) Any other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

Following the provisions of the above section of the Code the judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.