Umel Joseph CHERAMIE, Appellant,

v.

Earl M. SCOTT, Appellee.

No. 6886.

Court of Civil Appeals of Texas.

Amarillo.

April 20, 1959.

Rehearing Denied May 18, 1959.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

E. A. Cade, Dallas, for appellee.

NORTHCUTT, Justice.

This is a damage suit as a result of two motor vehicles colliding on September 5, 1957, at the intersection of Hillcrest and Northwest Highway in Dallas. There is a "stop and go" signal light which was functioning at the time of the accident in question. Northwest Highway had three lanes for traffic moving to the East and two lanes for traffic moving to the West. Hillcrest intersects with Northwest Highway at approximately right angles and is a two lane street. Immediately to the South of Northwest Highway and separated by an island is a two lane service road. The appellee was the first car in the line of traffic on the inside lane headed West and was stopped at the red light waiting for it to turn green in order that he could proceed with his left turn to South on Hillcrest. While he was thus stopped waiting for the light to change, there were two vehicles headed East and both were stopped at the intersection waiting for the light to change, in order that they could proceed. The vehicle opposing the appellee was in the inside lane signalling for a left turn to North on Hillcrest, a large trailer-truck was in the middle lane immediately to the south or right of the other vehicle. The third or outside lane for east bound traffic was empty. When the light changed to green, appellee, who was signalling for a left turn, proceeded into the intersection making his turn to the South on Hillcrest, and after crossing two of the East bound lanes, the appellant, traveling in the third or southernmost lane, passing the said trailer-truck on its right collided the front of his vehicle to the right side of appellee's vehicle, at a point when the front of appellee's vehicle lacked approximately a foot leaving the intersection.

The case was submitted to a jury upon several special issues. Upon the verdict of the jury, the court rendered judgment for the plaintiff, and from that judgment the defendant perfected this appeal.

By appellant's first point of error it is contended the court erred in refusing to give appellant's requested Special Issue No. 27, reading as follows:

"Special Issue No. 27

"Do you find, from a preponderance of the evidence, that at the time and on the occasion in question, Umel Joseph Cheramie was within the intersection in question, or so close thereto as to constitute an immediate hazard?

"Answer 'yes' or 'no'

"Answer: ———"

We are familiar with the rule that each party is entitled to adequate presentation

of all details of fact supported by pleadings and evidence and essential to its own theory of the case. Admissions by a party are held against him. It is admitted by the appellant in his testimony that he was not within the intersection in question at the time and on the occasion in question when the signal light changed to green. The intersection involved herein was controlled by a red and green light. When the light turned to green the appellee gave his signal for a left-hand turn and entered into the intersection. Appellant admitted at the time the light turned to green he was about a hundred feet from the intersection and was practically at a dead stop. Under this state of the record appellant had about three times as far to go to get into the intersection as appellee had to go to get out of the intersection. It is also to be noticed that appellant because of the truck and trailer could not see into the intersection to ascertain if anyone was in the intersection. Appellant was also in error in passing the truck and trailer as he was entering into the intersection. We are of the opinion that under this record, after appellee gave the signal to make the left-hand turn and complied with the regulations as to the green light to proceed and had entered into the intersection, that appellant, being as far as he was from the intersection when the light turned green, and was practically at a dead stop, was obligated to yield the right-of-way to the appellee and appellant was not so close to the intersection as to constitute an immediate hazard. Appellant's point one is overruled.

█ By appellant's points of error two and three he complains of the court's action in refusing to give Special Issues 28 and 29, which are as follows:

"If you have answered the foregoing special issue 'yes,' and only in such event, then answer the following:

"Special Issue No. 28

"Do you find, from a preponderance of the evidence, that Earl M. Scott failed to yield the right-of-way to Umel Joseph Cheramie at the time and on the occasion in question?

"In connection with the foregoing issue, you are instructed that the driver of a vehicle intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

"Answer 'yes' or 'no'

"Answer: ——

"If you have answered the foregoing special issue 'yes', and only in such event, then answer the following:

"Special Issue No. 29

"Do you find, from a preponderance of the evidence, that such failure to yield the right of way, if you have so found, was a proximate cause of the collision?

"Answer 'yes' or 'no'

"Answer: ——"

Each of these questions was based upon the submission and affirmative answer of each preceeding issue. Consequently, if Special Issue No. 27 above set out was not necessary to be given and answered, this would render it unnecessary for Special Issues Nos. 28 and 29 to be given, and would not be error to refuse to give them. Smirl v. Globe Laboratories, Inc., Tex.Civ. App., 190 S.W.2d 574 (writ refused wm). Appellant's points two and three are overruled.

█ By appellant's points of error four, five, and six it is contended the trial court erred in submitting Special Issues 16a, 17 and 18. 16a asked whether appellee entered the intersection before the appellant. It is undisputed in the record that appellee did enter the intersection first. This would be harmless error even should it be error since it was not contended otherwise. 17 asked if the appellant failed to

**90**

yield the right-of-way to the appellee, then, 18th asked if this was negligence. All three of these issues were answered in the affirmative. "Right-of-Way" merely means a preference of one of two vehicles, or as between a vehicle and a pedestrian, asserting right of passage at the same place and time, and is not an absolute right in the sense that the possessor thereof is released from the duty of exercising due care for his own safety or for the safety of others. Appellant stated he could not see whether anyone was coming in the intersection or not because of the big truck. Appellant could not blindly enter into the intersection and disregard due care for his own safety and for the safety of others. Appellant's points of error four, five and six are overruled.

Judgment of the trial court is affirmed.