William L. BOWEN et al., Appellants,

v.

Doyle O. BRAWLEY, Appellee.

No. 7571.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 4, 1964.

Rehearing Denied Aug. 25, 1964.

Raymond R. Johnson, Joe N. Chapman, Sulphur Springs, for appellants.

John Lancaster, III, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Jack G. Neal, Ramey, Ramey & Neal, Sulphur Springs, for appellee.

DAVIS, Justice.

Plaintiff-appellants, William L. Bowen, hereafter referred to as Bowen, and Roy L. Bailey, hereinafter referred to as Bailey, sued defendant-appellee, Doyle O. Brawley, for damages as the result of a collision that occurred on Super Highway No. 30 in Hopkins County, Texas, on July 18, 1962. According to the evidence, appellee drove his car into the rear of a car that was owned by Bowen. Bailey was a passenger in Bowen's car. Bailey's small son was in the rear seat of Bowen's car, but he was not injured. The case was tried to a jury. Judgment was entered that appellants take nothing. Appellants perfected their appeal and bring forward six points of error.

By their first four points, appellants say the trial court erred in overruling their motion for new trial because they definitely showed jury misconduct. These points must be sustained. Therefore, it is necessary to show the facts proved and the actions of at least one of the jurors.

According to the evidence, appellants had left their home near Cumby, Texas, early in the morning to go pick up a dog and then go fishing. Bowen turned his car in a westerly direction on Super Highway 30, which has two lanes of traffic going west, with a division in the center of the highway separating two lanes of traffic going east. Bowen was well acquainted with the highway. After he had turned his car onto the highway and traveled a short distance, he turned on his left signal light, indicating he was going into the left lane of traffic. Shortly after he moved into the left lane of traffic the appellee hit him in the rear. Bailey was seated in the front seat, and as a result of the collision he was knocked down onto the floorboard of the car and onto a water jug. The top of the jug was knocked off, and water was spilled on Bailey. He finally regained his position, and the car was brought to a stop. After

the collision, appellants got out of Bowen's car and went back to appellee's car where they met appellee's wife and his three small children. They also met another man who was in the air corps by the name of Brown. Appellee did not want them to call the Highway Patrol, but the appellants insisted and did so. After a wait of about two hours, the Highway Patrol came and made an investigation. Then appellants and the appellee went on their way.

A few days thereafter, Bowen went to see Dr. Byrd Longino. The doctor testified that he examined Bowen, and that he had a whiplash injury. He placed Bowen in the hospital, where he stayed for only two days. He had to leave the hospital because of the condition of his wife. While in the hospital Bowen was put in traction. When he left the hospital, the doctor sent the traction with him, and told him to use it at home. There was much evidence of the fact that Bowen suffered much pain, and would probably do so in the future. Dr. Longino said that he could not tell how long in the future he would suffer any pain, and he was not permitted to estimate the time. There was offered in evidence doctor and hospital bills that had been charged to Bowen, and proved by Dr. Longino in the total amount of $125.70.

Bailey saw a Chiropractor by the name of John E. Weddle. Dr. Weddle testified that he examined Bailey and found that he, too, was suffering a whiplash injury. He testified as to the pain he suffered, and would continue to suffer until he received certain treatments. Bailey also testified about the injury and the pains. Dr. Weddle testified that there was a total of $47.00 charged to Bailey, and that Bailey would need at least 100 more adjustments at $4.00 each. This proved $447.00 medical expense, past and future, for Bailey.

There were several pictures offered in evidence that proved the damages to Bowen's car. There was testimony that one of the seats was broken loose. According to the pictures offered in evidence, the back end of Bowen's car was bent in pretty badly, and a part of the rear bumper was broken off. There was testimony that one of the tail lights was smashed out. An automobile dealer testified as to the value of Bowen's car immediately before the accident as being between $500.00–$600.00. He testified the value of the car immediately after the accident as not being more than $50.00. To give the appellee the benefit of the doubt, the testimony showed the value of the car had been decreased at least $450.00.

Appellee was a member of the air corps. He had been stationed in Massachusetts, but had been transferred to Abilene, Texas. He left the Air Base in Massachusetts on July 16, 1962. He was accompanied by his wife and their three small children, and another member of the Air Corps by the name of Brown. They drove continuously from Massachusetts to the point of the accident, with very few stops. The appellee was driving the car at the time of the collision.

After all the evidence had been submitted, the court had submitted its charge, and jury arguments were made by the attorneys, the jury went to the jury room and selected a foreman. As soon as the foreman was selected, one of the jurors by the name of Hollingsworth told the jury he would like to make a speech. He told the jury that Bowen and Bailey were "fakes", and were trying to get some money without any injuries. He further told them that he was a mechanic, and was very familiar with the damages that were done to the car. He told the jury that the damages were caused by a prior wreck, and the damages could be repaired for $10.00. After much discussion, an agreement was made by the jury to answer the Special Issues so that Bowen and Bailey would not recover anything. Then, the jury answered the Special Issues. All this was done before the court's charge was read, and before the jury ever answered either of the Special Issues.

The jury answered the Special Issues that appellee sounded his horn; that

he kept a proper lookout; that he was not driving at a greater rate of speed than a person of ordinary prudence would do under same or similar circumstances; and, that he did not fail to timely apply his brakes. The jury further found that Bowen did not keep a proper lookout; that such was a proximatae cause of the collision; that he attempted to change lanes of traffic; that such was negligence and a cause of the collision; that he failed to give any notice or signal of his intention to change lanes of traffic; and, that such negligence was a proximate cause of the collision. The jury further found that the appellee was forced to act in an emergency, and that he did everything that was reasonable under the circumstances. The jury also found that it was not an unavoidable accident. The jury found that the amount of damages suffered by Bowen for necessary medical and hospital expenses, and for physical pain and mental anguish as being none. The jury found the amount of the damages suffered by Bailey for medical and hospital expenses and for physical pain and mental anguish as being none. The jury found the damages to Bowen's car to be only $100.00. There was conflicting evidence about the appellee blowing his horn, and if it were not for the other errors this court would be bound thereby. The juror, Hollingsworth, put new evidence into the case when he told the jury that the boys were "fakes", that the damages had already been done by a prior collision, and that he was a garage man and could fix the damages for $10.00. Then, there was a prior agreement that they would answer the special issues so that appellant would not recover anything. This definitely showed damages. In the case of Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483, the court said, in part:

"It is well settled that cases must be tried in the court room and that a juror is not permitted to become a witness during the jury's deliberations and that it is misconduct for original evidence of material facts to be received by the jury during its deliberations." (citing cases).

The court goes on to say that litigant's rights are not permitted to be thus jeopardized by the insertion of new evidence in the jury room. Wallace v. Partin (Ct.Civ.App.) 345 S.W.2d 943, N.W.H.; Garcia v. Phoenix Assurance Company of New York (Ct.Civ.App.), 376 S.W.2d 77, W.R., N.R.E.; Mrs. J. A. Gregory et al. v. St. Louis Southwestern Railway Co. (Ct.Civ.App.) 377 S.W.2d 847; Rule 327, Vernon's Ann.Texas Rules of Civil Procedure. The answer of the jury to the special issues definitely showed damages to the appellants because they answered none to the damages to both of the appellants, and only answered $100.00 damages to Bowen's car. The points are sustained.

■ By their 5th and 6th points appellants say the trial court erred in failing to submit to the jury certain requested special issues. The issues inquired about the appellee driving his car while his mental faculties were in a state of fatigue, if so, was such negligence and a proximate cause of the collision; and, could the appellee have changed the course of the car he was driving in a way to have avoided the collision, if so, was such failure negligence and a proximate cause of the collision. Under the pleadings and the evidence, the special issues requested were raised and should have been submitted. Rules 277 and 279, T.R.C.P.; 41-B Tex.Jur. 617, Sec. 470; Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651; Klinke v. Harbison (Tex.Civ.App.) 248 S.W.2d 545, aff'md 152 Tex. 142, 254 S.W.2d 769; Cheramie v. Scott, Tex.Civ.App., 324 S.W.2d 87, W.R., N.R.E.; Lubbering v. Ellison (Tex.Civ.App.) 342 S.W.2d 796, N.W.H.; Mayflower Investment Company v. Stephens, Tex.Civ.App. 345 S.W.2d 786, W.R., N.R.E.; Schafer v. Stevens (Tex.Civ.App.) 352 S.W.2d 471, er. dism.; 18 Texas Bar Journal 155. The points are sustained.

The judgment of the trial court is reversed and the cause is remanded.