James Henry BLACK et ux., Appellants,

v.

H. D. BOYD, Appellee.

No. 14872.

Court of Civil Appeals of Texas.

Houston.

Nov. 3, 1966.

Rehearing Denied Jan. 5, 1967.

Phelps, Kilgarlin & Snell, Jim S. Phelps, Mabel Grey Howell, Houston, George Morris, Conroe, for appellants.

Henry P. Giessel, Houston, Talbert, Giessel, Barnett & Stone, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is an action for damages resulting from an intersectional collision between the automobile driven by Mrs. Black and a truck driven by Mr. Boyd. Prior to the trial Mr. Boyd died and the suit was continued against the Estate of H. D. Boyd. Based on a jury verdict, judgment was entered that the plaintiff take nothing.

In answer to Special Issues 3, 4, and 5, the jury found that H. D. Boyd failed to yield the right of way to the vehicle driven by Mrs. Black; that this failure did not constitute negligence; but, that the failure was a proximate cause of the collision.

In answer to Special Issues 9, 10 and 11, the jury found that Mrs. Black failed to keep her vehicle entirely upon her right half of the roadway; that this failure did not constitute negligence; but, that this failure was a proximate cause of the collision.

The jury answered Special Issue No. 20, "Do you find from a preponderance of the evidence that the collision in question was proximately caused by the negligence of either H. D. Boyd and/or Naomi Black?": "We do not."

Other claimed acts of negligence on the part of the defendant, and of contributory negligence on the part of Mrs. Black, were submitted to the jury, but it failed to find that any act of negligence constituted a proximate cause of the collision.

The jury did find that before the collision Mrs. Black was faced with an emergency and that after the emergency arose she acted as an ordinarily prudent person would have acted and that the emergency was a proximate cause of the collision.

There was testimony that after having stopped for a few seconds at a stop sign, Mr. Boyd proceeded slowly into the intersection and came to a stop again just short of the center of the intersection. There was evidence that at the time of the collision he was not moving and his motor was dead. There was testimony that some 56 feet from the point of the collision the left front wheel of the vehicle driven by Mrs. Black began to lay down a skid mark and that 46 feet from the point of the collision the right rear wheel began to lay down a skid mark. This testimony was to the effect that the skid marks began on the right hand side of the road and crossed over the center line prior to the point of the collision. While this testimony was contradicted, apparently it was believed by the jury.

It is appellee's theory that, considering the testimony summarized, the verdict of the jury is consistent and the answers made by the jury are not conflicting. Conceding that the action of Mr. Boyd in entering the intersection when Mrs. Black's vehicle was so near as to constitute an immediate hazard constituted a failure to yield the right of way, it can be argued that since he stopped before passing the center line of the intersection, his failure to yield the right of way could be excused, and, therefore, the question of negligence was one for the jury. It would follow that since appellant failed to obtain a finding that appellee was guilty of negligence, the further finding that the failure to yield the right of way was a proximate cause of the collision became immaterial.

While the question of when a statutory violation constitutes negligence per se frequently is troublesome, the procedure to follow in solving the problem has been settled by the case of Hammer v. Dallas Transit Company, 400 S.W.2d 885, Tex. Sup.1966. There the Court said:

"An analogous situation is found in instances in which one relies upon and proves the fact that his adversary violated a statutory standard. The one charged with such a violation may then go forward with the evidence and show excuse or justification for the violation. See Calvert, Special Issues under Article 6701d, § 86(d), 34 Tex. L.Rev. 971, 977. But it is the one seeking to justify or excuse the violation who has the burden of going forward with the evidence. Younger Bros. v. Marino, 198 S. W.2d 109, 113 (Tex.Civ.App.1946, writ ref. n. r. e.); Jessee Produce Co. v. Ewing, 213 S.W.2d 750 (Tex.Civ.App.1948, no writ); Note, 27 Tex.L.Rev. 866. When he does so, he thrusts upon the other party the burden to obtain a finding that the violation was negligence under the common-law standard. Cunningham v. Suggs, 340 S.W. 2d 369, 374 (Tex.Civ.App.1960, writ ref. n. r. e.); Phoenix Refining Co. v. Powell, 251 S.W.2d 892 (Tex.Civ.App.1952, writ ref. n. r. e.); Fisher v. Leach, 221 S.W.2d 384, 390 (Tex.Civ.App.1949, writ ref. n. r. e.); Taber v. Smith, 26 S.W.2d 722 (Tex. Civ.App.1930, no writ); Hodges, Special Issue Submission in Texas, § 25 (1959). The burden of persuasion on the whole case remains on the one relying upon the statutory violation. See Grieger v. Vega, 153 Tex. 498, 271 S.W.2d 85 (1954)."

In Hammer the Transit Company's bus was in a collision when it was on the wrong side of the road, and the Transit Company proved that its bus was out of control at the time it crossed the center line. The jury found that the Transit Company was negligent in traveling on the wrong side of the road. The Transit Company urged that the fact that the bus was out of control when it crossed to the wrong side of the road excused the statutory violation as a matter of law. The Supreme Court said:

"Pressed to its limits, that argument would mean that one's grossly negligent loss of control, would amount to a legal excuse. The burden was upon the defendant Transit to go forward with the evidence to prove not merely its own loss of control but that the loss of control was excusable."

The facts in this case show, and the jury found, that Mr. Boyd failed to yield the right of way by entering the intersection at a time when Mrs. Black's vehicle was approaching the intersection so closely as to constitute an immediate hazard. As an excuse for the violation there is evidence that Mr. Boyd's vehicle stopped near the center line of the intersection and that at the time of the collision his motor was not running. There is, however, no evidence that his action in entering the intersection was excusable. There is no evidence that the motor of his vehicle stopped without fault on his part. There is no evidence that there was sufficient time for the Boyd vehicle to cross the intersection in front of the Black vehicle had the motor not stopped.

There must be some evidence that Mr. Boyd's action in entering the intersection under the existing circumstances was not negligence. The only evidence tending to excuse his conduct is that after he entered the intersection he stopped before he reached the lane of traffic in which Mrs. Black's car should have been traveling.

There was testimony that the Boyd truck stopped eight inches before crossing into the lane of traffic in which Mrs. Black was approaching. Other testimony is that the truck stopped eighteen inches short of the center line. Mrs. Black testified that it crossed over the center line. Mrs. Black was going west on F. M. 1960, which had one lane for west-bound traffic and one lane for east-bound traffic. A painted center stripe divided the two lanes. While Mrs. Black denied that the truck stopped prior to the collision, other witnesses testi-

fied that it did stop, but none of them were able to estimate the length of time it remained stopped prior to the collision. It is reasonable to infer that it had not stopped before Mrs. Black applied her brakes if the testimony that the truck never entered the lane in which Mrs. Black was traveling is accepted. It is undisputed that the truck was traveling slowly as it moved into the intersection. The jury refused to find that Mrs. Black was driving at an excessive speed. The only evidence of excessive speed was the testimony of Mr. Boyd's son, who first saw the car after it had begun to skid. While the jury refused to find that Mr. Boyd failed to keep a proper lookout, he testified in answer to an interrogatory that he did not see Mrs. Black's car at any time prior to the collision. The front of Mrs. Black's car collided with the right front fender of the truck.

■ Under the circumstances we are of the opinion that the evidence raised the issue of an excusable violation and that the burden of securing a finding of negligence rested on the plaintiff. We are further of the opinion that the answer made by the jury to the negligence issue submitted is against the great weight and preponderance of the evidence and is clearly wrong.

■ An issue was also raised as to an excusable violation on the part of Mrs. Black by reason of the evidence that she slid over the center line after having applied her brakes. The jury did not find that her action in crossing over to the wrong side of the road constituted negligence. Under the circumstances this violation of the law of the road was not negligence per se.

■ We assume that Special Issue No. 20 was intended as a submission of the question of unavoidable accident. No point is raised as to the form of the submission. There is no evidence that a mechanical failure of the truck was a cause of the collision. We are of the opinion that under the evidence the collision was caused by negli-

gence of one or both of the parties. The answer made by the jury to this special issue is contrary to the great weight and preponderance of the evidence.

Other errors are assigned which will not be discussed for the reason that they are not likely to occur on a retrial of this case.

For the guidance of the parties we point out that while it is proper to instruct the jury concerning the duty to yield the right of way, that portion of the statute quoted in connection with Special Issue No. 3 is not a proper definition of the term "right of way". See Bennett v. Stephenson, 237 N.C. 377, 75 S.E.2d 147; State v. Ray, Ohio App., 156 N.E.2d 837; State v. Arena, 46 Haw. 315, 379 P.2d 594; Cheramie v. Scott, Tex.Civ.App.1959, 324 S.W.2d 87.

The judgment of the trial court is reversed and the case is remanded for a new trial.